IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JEFFREY ELMORE                                                                              PLAINTIFF
ADC # 091418

v.                                           3:24CV00171-LPR-JTK

KIP HALMAN, et al.                                                                        DEFENDANTS

## ORDER

Jeffrey Elmore ("Plaintiff") is in custody at the Cummins Unit of the Arkansas Division of Correction ("ADC"). He filed a pro se complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1) and a Motion to Proceed in forma pauperis ("IFP Motion") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 4), which the Court granted by separate Order (Doc. No. 5). The Court must screen Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute.

**I.     Plaintiff's Complaint**

Plaintiff sued a John Doe doctor at the Cummins Unit, doctor James Smith, Jr. and nurse Samantha Hill from the Grimes Unit of the ADC, and President of WellPath Medical Kip Halman in their personal and official capacities. (Doc. No. 1 at 1-2). Plaintiff's brief statement of claim reads, in its entirety:

> Defendant Does refused to provide medical treatment to correct a fractured hand that is broke. The bad policies of Defendant Kip Hallman and the non medical treatment of the ADC medical providers, doctors, nurses are causing great pain and suffering and long term deteriorating conditions that can be prevented and cured with medical treatments that by policy plaintiff is entitled to. Plaintiff is an will continue to be in imminent danger by Defendants.

(Id. at 4). Plaintiff seeks injunctive relief and reimbursement of his filing fees. (Id. at 5).

## II.      Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.     Discussion

Plaintiff brought suit under 42 U.S.C. § 1983.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing

Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.  See Iqbal, 556 U.S. at 678.

The "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners."  Robinson v. Hager, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted).  "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'"  Schuab v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011) (internal citation omitted).  "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs."  Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).  To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need.  See Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018); McRaven v. Sanders, 577 F.3d 974, 981 (8th 2009).

Plaintiff claims he has not received adequate medical treatment for his hand.  But the Court needs further information to properly screen Plaintiff's claims.  Plaintiff alleges Doe Defendants in the Cummins Unit filed to properly care for his fractured hand.  But Plaintiff also makes allegations against Defendants in the Grimes Unit.  When did Plaintiff receive care for his hand in the Cummins Unit?  When did he receive care for his hand in the Grimes Unit?  Plaintiff says he is not receiving treatment he is entitled to because of a policy.  Which treatment was Plaintiff denied in the Cummins Unit?  Which treatment was he denied in the Grimes Unit?  What is the policy Plaintiff complains about?

Plaintiff will be given the chance to file an Amended Complaint to add detail to his claim.

## IV. Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect. Only claims properly set out in the Amended Complaint will be allowed to proceed. Plaintiff's Amended Complaint should also: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I may recommend that his Complaint be dismissed without prejudice.

## V. Conclusion

IT IS, THEREFORE, ORDERED that:

1. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order. If Plaintiff does not submit an Amended Complaint, I may recommend that his Complaint be dismissed without prejudice.

2. The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 21st day of October, 2024.

                                                    _____
                                                    JEROME T. KEARNEY
                                                    UNITED STATES MAGISTRATE JUDGE