**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

JEFFREY ELMORE                                                                          PLAINTIFF
ADC # 091418

v.                                              3:24CV00171-LPR-JTK

KIP HALMAN, et al.                                                                    DEFENDANTS

**ORDER**

Jeffrey Elmore (Plaintiff) has filed a motion to Amend Amended Complaint (Doc. No. 19) and a Motion to Appoint Counsel (Doc. No. 17). For the reasons set out below, Plaintiff's Motion to Amend (Doc. No. 19) is GRANTED in part and DENIED in part. His Motion to Appoint Counsel (Doc. No. 17) is DENIED.

**I.      Motion to Amend**

In his Motion to Amend, Plaintiff asks to amend the damages he requested in his Amended Complaint and "to claim American with Disabilities." (Doc. No. 19). Plaintiff's Motion to Amend is granted as to the damages he requested in his Amended Complaint. The Clerk of the Court is directed to file docket entry 19-1 as an attachment to Plaintiff's Amended Complaint (Doc. No. 7). Plaintiff provided no factual allegations to support an American with Disabilities Act ("ADA") claim. As such allowing Plaintiff to add an ADA claim would be futile. Hammer v. City of Osage Beach, MO, 318 F.3d 832, 844 (8th Cir. 2003) (leave should be denied when the amendment would be futile). Accordingly, Plaintiff's Motion to Amend is denied without prejudice as to the addition of an ADA claim.

**II.     Motion to Appoint Counsel**

While a pro se litigant has no statutory or constitutional right to appointed counsel in a civil case, Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), the Court may, in its discretion,

appoint counsel for non-frivolous claims where "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986). In evaluating the plaintiff's request in Johnson, the Court considered four factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. Id. at 1322-23.

In his Motion to Appoint Counsel, Plaintiff explains that he is unable to afford counsel, argues that his imprisonment will limit his ability to prosecute this case, and asserts that the trial in this case will likely involve conflicting testimony. (Doc. No. 17).

Having considered Plaintiff's pending Motion, along with the Johnson factors, Plaintiff's Motion will be denied at this time. Certain of Plaintiff's allegations survived pre-service screening, and his Motion to Appoint Counsel is well presented. This indicates that Plaintiff is able to represent himself, at this stage of the proceedings at least. Plaintiff is able to investigate his claims through discovery. The scope of this action is still to be determined—pending is a Recommendation that certain of Plaintiff's claims be dismissed. (Doc. No. 9). It is possible that some medical evidence in this case might be complex, but that remains to be seen. The legal issues do not appear complex at this time. And as the Court explained to Plaintiff in its November 12, 2024, Initial Order for Pro Se Prisoners, if Plaintiff's case proceeds to a jury trial counsel will be appointed to help him. (Doc. No. 8 at 2). As such, Plaintiff's Motion is DENIED without prejudice.

IT IS SO ORDERED this 6th day of June, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

2